UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA FRANCES,<br><br>    Plaintiff,<br><br>    v.<br><br>ACCESSIBLE SPACE, INC., a Minnesota corporation; SOUTH LAKE TAHOE SUPPORTIVE HOUSING, INC., a California Corporation; DOE BUSINESS ENTITIES 1-10, DOE INDIVIDUALS 1-10,<br><br>    Defendants. | No.  2:16-cv-1016-JAM-GGH<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Angelica Frances ("Ms. Frances" or "Plaintiff"), a disabled mother, has lived in an apartment complex owned by Defendant South Lake Tahoe Supportive Housing Inc. ("Supportive Housing") and serviced by Defendant Accessible Space Inc. ("Accessible Space") (collectively, "Defendants") since 2009.[1] Compl. ¶¶ 2, 3, 18, ECF No. 1.  Ms. Frances sued Defendants in

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for November 15, 2016.

1

federal court in May 2016 alleging that Defendants have failed to keep her apartment in suitable living condition and have erroneously calculated her rent since 2009.  Compl. at 5-16.  Defendants move to dismiss Ms. Frances' complaint, arguing that this Court lacks subject matter jurisdiction and that Ms. Frances' claims are time-barred.  Mot. to Dismiss ("Mot.") at 4, 8, ECF No. 9-1.  For the following reasons, the Court grants Defendants' motion to dismiss.

I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The Court takes the facts alleged by Plaintiff as true for purposes of this motion.

Ms. Frances and her son moved into the Sky Forest Acres apartment complex ("Sky Forest") in July 2009.  Compl. ¶ 18.  Ms. Frances still lives at Sky Forest.  Compl. ¶ 1.  Defendant Accessible Space "provides accommodations and services to adults with qualifying disabilities" at Sky Forest.  Compl. ¶ 2. Defendant Supportive Housing owns Sky Forest.  Compl. ¶ 3.

In 2009 "and thereafter on a regular, continuous basis" she "notified Defendants about the lack of heat in the second bedroom of her [a]partment."  Compl. ¶ 18.  Ms. Frances' son had to move out of the apartment in December 2013 because "he could no longer deal with the cold temperature in his room."  Compl. ¶ 20. Defendants did nothing to solve the heating problem until June 2014, when they installed a baseboard heater in the second bedroom.  Compl. ¶ 19.

In 2013, Ms. Frances "began complaining to Defendants about water leaks in her apartment."  Compl. ¶ 31.  Defendants'

2

1  employees created an additional leak in Ms. Frances' apartment
2  when they made a hole in the ceiling.  Compl. ¶ 32.  Defendants
3  did not repair the leaks for five to six months.  Compl. ¶ 33.
4      In the fall of 2014, Ms. Frances "noticed black mold growing
5  on the walls, ceilings[,] and window sills" and asked Defendants
6  to fix the problem.  Compl. ¶ 39.  Defendants have since then
7  "entered [Ms. Frances'] apartment one or twice a month to wipe
8  down her window sills and other moldy areas with bleach," but
9  have not remedied the source of the mold.  Compl. ¶ 40.  The mold
10 and leaks have "aggravated [her] existing injuries" and caused
11 new medical problems.  Compl. ¶ 50.
12     Defendants have also failed to properly compute her rent
13 for each year that she has lived at Sky Forest, Compl. ¶¶ 64-66,
14 and Defendants have "refused to return the overcharged amounts to
15 Plaintiff."  Compl. ¶ 87.
16     In May 2016, Ms. Frances sued Defendants alleging seven
17 causes of action: (1) negligence and premises liability,
18 (2) breach of contract, (3) violation of 29 U.S.C. § 701 et seq.,
19 (4) violation of California Civil Code Section 1941.1 and
20 California Health and Safety Code Section 17920.3, (5) unfair
21 business practices under California Business and Professions Code
22 § 17200 et seq., (6) breach of the warranty of habitability, and
23 (7) negligent infliction of emotional distress.  Compl. at 4-21.
24
25                         II.  OPINION
26     Defendants argue that the Court must dismiss Ms. Frances'
27 complaint for two reasons: first, because the Court lacks subject
28 matter jurisdiction, and second, because statutes of limitations

bar Ms. Frances' claims.  Mot. at 4, 8.

### A. Analysis

#### 1. Existence of a Federal Question

Federal courts are courts of limited jurisdiction and can adjudicate only those cases authorized by the United States Constitution and Congress.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  Federal courts presumptively lack jurisdiction over civil actions, and the party asserting jurisdiction bears the burden of establishing otherwise.  Id.  Federal courts may exercise jurisdiction over cases involving diversity of citizenship, a federal question, or the United States as a party.  Goraya v. Martinez, 2015 WL 7281611, at *1 (E.D. Cal. Nov. 18, 2015).  Federal question jurisdiction stems from 28 U.S.C. § 1331, which states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Ms. Frances asserts that this Court has jurisdiction over her case "pursuant to 28 U.S.C. [§] 1331, because there are several federal questions involved."  Compl. ¶ 8.  Plaintiff argues that her claims arise under Sections 801 and 804(f)(3) of the Fair Housing Act [codified at 42 U.S.C. §§ 3601, 3604] and Section 504 of the Rehabilitation Act [codified at 29 U.S.C. § 701 et seq.].  Opp'n at 6.  However, while Ms. Frances mentions the Fair Housing Act sporadically throughout her complaint, she does not assert any Fair Housing Act claims.  On its face, Ms. Frances' complaint contains only one federal claim: her third cause of action for violation of Section 504 of

4

the Rehabilitation Act.  Compl. at 17.  This Court's jurisdiction therefore depends on whether Ms. Frances has adequately stated a Section 504 claim.

To state a claim under Section 504 of the Rehabilitation Act, a plaintiff must allege that "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007); see also Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Ms. Frances neither explicitly alleges that she "was denied the benefits of the program solely by reason of [her] disability" nor asserts facts to support such an allegation.  Ms. Frances alleges race and disability discrimination in her opposition, but fails to raise these allegations in her complaint.

Despite her failure to explicitly allege more than one federal claim, Ms. Frances argues that her case arises under federal law because "ten separate federal laws are in issue here with regard to their interpretation and enforcement."  Opp'n at 8.  But Ms. Frances does not provide any case law showing that a federal court may exercise jurisdiction over a case that contains no sufficiently pled federal causes of action merely because the case involves federal law.  Ms. Frances has failed to meet her burden to establish that this Court has subject matter jurisdiction over this case.  The Court therefore dismisses Ms. Frances' complaint for lack of subject matter jurisdiction.  The Court finds that amendment is not futile in

this case and grants Ms. Frances leave to amend her complaint. See Rouse v. Brown, 580 F. App'x 519, 520 (9th Cir. 2014) (stating that a court abuses its discretion "to deny leave to amend when amendment [is] not futile").

Because Ms. Frances' insufficiently pled claim for violation of Section 504 of the Rehabilitation Act provides the only potential basis for this Court's jurisdiction, the Court declines to address whether Ms. Frances' claims are barred by the applicable statutes of limitations at this time.

### III.   SANCTIONS

The Court issued its Order re Filing Requirements ("Order") on May 12, 2016.  ECF No. 4-2.  The Order limits memoranda in support of and in opposition to motions to dismiss to fifteen pages and reply memoranda in support of motions to dismiss to five pages.  Order at 1.  The Order also states that an attorney who exceeds the page limits must pay monetary sanctions of $50.00 per page and that the Court will not consider any arguments made past the page limit.  Id.  Defendants' reply memorandum exceeds the page limit by two pages.  Thus, the Court has not considered any arguments made after page five of the reply brief.  In addition, Defendants' counsel shall pay $100.00 in sanctions to the Clerk of the Court within five days of the date of this order.

### IV.   ORDER

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss with leave to amend.  Ms. Frances must file her amended complaint within twenty days of the date of

6

this Order.  Defendants' responsive pleading shall be filed 20 days thereafter.

    IT IS SO ORDERED.

Dated: January 3, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE