UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA FRANCES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOUTH LAKE TAHOE SUPPORTIVE HOUSING, INC.,<br><br>　　　　Defendant. | No. 2:16-cv-1016 JAM GGH<br><br><br><br>ORDER |

*PROCEDURAL POSTURE*

Plaintiff sues in this case alleging that defendant has, *inter alia*, committed a violation of the federal Fair Housing Act, 42 U.S.C. § 3605, Section 504 of the Rehabilitation Act, various types of discrimination under 42 U.S.C. 2000(a), and various state claims, all involving her allegations that from 2009 to the present, that defendant failed to make repairs to the apartment she rents from them to the detriment of her health in an abrogation of her rights as a disabled person. See First Amended Complaint, ECF No. 17.

Defendant filed a Motion to Dismiss the Claim, ECF No. 18. In that Motion Defendant argues that plaintiff's claim is insufficiently pleaded and fails to sufficiently state a basis for federal jurisdiction and is barred by the applicable statute of limitations. ECF No. 26. This motion as originally scheduled to be heard on the Court's December 7, 2017 hearing calendar, but the calendar was vacated on November 30, 2017, and plaintiff was ordered to show cause why

her complaint should not be dismissed for failure to insofar as she did not file a timely Opposition or Statement of Non-Opposition. ECF No. 26. Plaintiff filed her Opposition on December 4, 2017, ECF No. 28, and the matter was automatically submitted for consideration.

On January 8, 2018 plaintiff filed a Request for a Restraining Order to prevent the effectuation of an eviction notice served on her by defendants on December 28, 2017 with a notice to quit on or before February 28, 2018. ECF No. 30 at 2.

On January 22, 2018 the Courtroom Deputy for this court was directed to contact the parties to determine if they would be available for a hearing on February 2, 2018, which is a regularly scheduled hearing date for this court. The parties, however, indicated to the Courtroom Deputy that they were not available on that date and agreed the first mutually agreeable date was March15, 2018. This date would, however, go beyond the date that plaintiff has been ordered to vacate her apartment and moot her request for a Restraining Order to prevent that result.

The court finds itself in the position of having to pose a solution that will allow it to hear and finalize the two opposing Motions now on its docket to avoid allowing an eviction to take place before the matters can be argued and resolved.

*DISCUSSION*

In order to resolve the conundrum caused by the foregoing factual circumstances, the court will offer the parties a choice. They can agree to find a way to be available for a February 2, 2018, hearing that will permit resolution before the effectuation of the eviction Order defendant has presented to plaintiff. Alternatively, the parties may stipulate to maintain the status quo until April 2, 2018 so that the matter can be heard on the date on which both parties have indicated they are available for hearing.

In light of the foregoing IT IS HEREBY ORDERED that:

1. Within 48 hours from the issuance of this Order the parties shall notify the court, in a joint statement, whether they elect:

    a. To attend a hearing on February 2, 2018 at 9:00 a.m. in Courtroom 9, 13th Floor, United States District Court, 501 I Street, Sacramento; or

    b. To stipulate to the status quo regarding plaintiff's ability to reside in her

2

apartment up to and including April 2, 2018, and have the hearing on all outstanding motions on March 15, 2018 at 9:00 a.m.

        c.     The undersigned's courtroom deputy will give telephonic notice to the parties regarding the contents of this order as soon as possible.

**IT IS SO ORDERED.**

Dated: January 23, 2018

                          /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE