UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA FRANCES,<br><br>Plaintiff,<br><br>v.<br><br>ACCESSIBLE SPACE, INC., et al,<br><br>Defendants. | No. 2:16-cv-1016-JAM-GGH<br><br><br><br>ORDER |

Pending on this court's March 22, 2018 calendar are defendants' Motion to Dismiss, ECF. No. 26,[1] and plaintiff's Motion for Miscellaneous Relief, which is actually an application for a restraining order seeking to avoid eviction from her apartment, ECF No. 30. Plaintiff has just yesterday notified the court's courtroom deputy that she is unavailable to attend the hearing on the motions and will not be available until sometime in May, 2018 due to a family health issue.

While the court is not unsympathetic with plaintiff's plight, it is not possible to merely move the scheduled hearing to sometime in May as this would have the effect of maintaining a restraint on defendants who have filed opposition papers and were prepared to argue against

---

[1] This motion was originally scheduled to be heard on December 7, 2017 but was rescheduled when plaintiff failed to oppose and, in response to an Order to Show Cause, ECF No. 27, why the matter should not be resolved as an unopposed motion, demonstrated good cause for her actions in response. ECF No. 28.

1

extension of that restraint.[2] In addition, the court has many questions regarding the facts alleged in plaintiff's motion and those alleged in defendants' Opposition, neither of which are offered under penalty of perjury.

The court will therefore vacate the March 22 calendar, take the defendants' Motion to Dismiss under submission as to which an order will be issued shortly. As to plaintiff's Motion it is up to her to attempt to get an agreement from defendants to hold the eviction they have noticed in abeyance until a May hearing can be held at which both parties will be present and prepared to answer the court's questions.

In light of the foregoing IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss is removed from the Court's March 22 calendar and taken under submission for issuance of a written Order;

2. Plaintiff's Motion for a restraining order is also removed from calendar subject to an agreement between the parties that it may be heard on the court's calendar of May 3 or May 17, 2018. If the parties reach agreement plaintiff is charged with the responsibility to renotice her motion for hearing on the agreed to date. This order does not restrain defendant in any manner, but it is the court's recommendation that the parties work out an agreement to preserve the status quo pending hearing.

**IT IS SO ORDERED.**

Dated: March 20, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[2] The parties stipulated to a hearing on the two motions to be in March and defendants' agreed to maintain the status quo, allowing plaintiff to continue to reside in her apartment until the March 22, 2018, hearing was held, despite defendants having previously given plaintiff notice to quit. ECF No. 32.