UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA FRANCES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ACCESSIBLE SPACE, INC., et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-1016-JAM-GGH<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff sues in this case pro se and in forma pauperis alleging that defendants have, *inter alia*, committed violations of the federal Fair Housing Act, 42 U.S.C. section 3605, Section 504 of the Rehabilitation Act, and has raised various supplementary state claims, all involving her allegations that from 2009 through the date of filing defendant failed to make repairs to the apartment she rents from them to the detriment of health and in abrogation of her rights as a disabled person. See First Amended Complaint, ECF No. 17.

On January 8, 2018 the plaintiff filed a motion for a restraining order seeking the following:

I request the court order[] Accessible Space Inv. And their employees Not [sic] to:

1. Harass, intimidate, molest, attack strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of the person;
2. Contact the person, either directly or indirectly in any way, including but not limited

1

> to in person, by telephone, in writing by pubic or private mail, by interoffice mail, by e-mail, by text message, by fax, or by any other electronic means.
> 3. Any further communications with me pertaining to anything to do with the apartment has to go through the court.
> 4. Not to enter my apartment without permission of the court, excluding emergencies
> 5. Not to Raise rent or try to event me or any of the tenants who want to address the issues here.
>
> To remain in effect until these proceedings are completed and appropriate resolution is reached.

Id. at 12:20, 22.

After several failed attempts to identify a date on which all parties could be present in the courtroom to address the issues underlying the motion, plaintiff notified the court's Courtroom Deputy, Jonathan Anderson, that she no longer resided in the apartment that is the subject of this action. Defendants made the same assertion through a Declaration signed under penalty of perjury by Dora Jacobson-Bauer, who was at all pertinent times the Housing Portfolio Administrator for defendant Accessible Space, Inc., as a result of which she was familiar with the facts regarding plaintiff's tenure I the Sky Forest Acres apartments. ECF No. 38-1 at 21-24. In that Declaration Ms. Jacobson-Bauer stated that "Ms. Frances voluntarily decided to end her tenancy in March 2018, and moved out."

## *DISCUSSION*

If at any time during the course of litigation a plaintiff ceases to suffer or be threatened with 'an actual injury [that is] traceable to the defendant" and that is "likely to be redressed y a favorable judicial decision" the matter is moot. Spencer v. Kemna, 523 U.S. 1, 7 (1998)(*citing* Lewis v. Continental Bank Corp., 494 U.S. 472, 477-478 (1990); see also Johnson v. Moore, 948 F.2d 517, 522(9th Cir. 1991)(holding that when a prisoner seeking injunctive relief from a certain prison's regulations ceases to be housed in that facility the case or controversy ceases to exist and the matter is moot).

The same situation as is found in Johnson pertains to plaintiff's pending motion here. The relief she sought with her motion was all related to actions surrounding her tenancy in defendants' apartment house. Having ceased her residency, the actions against which plaintiff sought

protection by way of an injunction no longer threatened her and the matter became moot.

*CONCLUSION*

In light of the foregoing IT IS HEREBY FOUND AND RECOMMENDED that;

1. Plaintiff's Motion for a Restraining Order should be denied as moot;

2. The Clerk should remove the gavel from ECF No. 30 as having been resolved by this Order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 25, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE