UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA FRANCES,<br><br>        Plaintiff,<br><br>    v.<br><br>ACCESSIBLE SPACE, INC., et al.,<br><br>        Defendants. | No. 2:16-cv-01016 JAM AC (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is currently proceeding pro se, and the action was accordingly referred to the undersigned by Local Rule 302(c)(21). Before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. ECF No. 53. The matter came on for hearing on May 1, 2019. ECF No. 61. Defense counsel appeared, but plaintiff did not appear. Because plaintiff has failed to comply with this court's discovery orders and has shown an inability to move the case forward over a period of three years, the undersigned will recommend that the case be dismissed pursuant to Federal Rules of Civil Procedure 37(b) and 41(b).

## I. BACKGROUND

In May 2016, plaintiff—who was then represented by counsel—filed this action asserting federal and state law violations related to the living conditions at a South Lake Tahoe federally-subsidized housing complex owned and operated by defendants for persons with disabilities,

1

where she was a tenant. ECF No. 1. In January 2017, the court granted defendants' first motion to dismiss, with leave for plaintiff to amend her complaint. ECF Nos. 9, 16. Plaintiff filed a First Amended Complaint, and defendants again moved to dismiss. ECF Nos. 17, 18. The parties engaged in settlement negotiations, and in March 2017, plaintiff's counsel advised the court that the case had been settled. ECF Nos. 19, 20. However, plaintiff declined to sign the settlement papers and stopped communicating with her counsel. ECF No. 21 at 5. The court granted plaintiff's counsel's motion to withdraw and gave plaintiff—who is disabled—60 days to retain new counsel. ECF Nos. 21, 23. Plaintiff did not retain new counsel and has been representing herself since June 2017.

In May 2018, defendants answered the First Amended Complaint. ECF No. 40. On June 18, 2018, the court ordered the parties to (1) "exchange documents pursuant to Federal Rule of Civil Procedure 26(a) within 14 days" of the order, and (2) meet and confer within 30 days to create a Rule 26(f) discovery plan. ECF No. 43. On June 29, 2018, plaintiff emailed the court's Courtroom Deputy, stating she received the June 18 order late and needed more time to comply. ECF No. 44 at 1. On July 3, 2018, the court issued an order granting plaintiff 15 days to comply with its June 18 order, informing her that it was her responsibility to move the case forward, and warning her that "failure to follow the directions given by the court in this Order may well result in a recommendation to the district [court] that this matter should be dismissed for failure to prosecute the action pursuant to Federal Rule of Civil Procedure 41(b)." Id. at 2. The court also noted that plaintiff's emails referred to a family medical issue that may have led to her delay, and stated that while the court was sympathetic to such circumstances, "this matter was filed on May 12, 2016, more than 2 years ago, and appears no closer to trial today than it was on the day of that filing. This is unacceptable." Id. at 2 n.2.

On July 16, 2018, plaintiff served her Rule 26(a) initial disclosures on defendants' counsel. ECF No. 45 at 22. As relevant, she listed contact information for 59 witnesses who might have discoverable information and described numerous documents, photos, and videos related to the dispute. Id. at 2–21. She also filed a response to the court's June 18 order, agreeing to exchange discovery electronically, but requesting more time to complete the exchange, given

2

her physical limitations and the six boxes of documents she would have to scan. Id. at 24–27.

On August 29, 2018, the court issued a Joint Scheduling Order requiring, as relevant, percipient witness discovery completed by January 1, 2019; expert disclosures by January 8, 2019; expert discovery completed by February 22, 2019; and substantive pretrial motions heard by April 3, 2019. ECF No. 49.

In December 2018, defendants deposed several witnesses listed in plaintiff's initial disclosures and sent plaintiff a flash drive containing their Rule 26 documents. ECF No. 53.2 at 4. On December 10, defendants served plaintiff with a notice of deposition and requested she send her Rule 26(a) supporting documents. Id. at 4. Plaintiff failed to attend her scheduled deposition, and to date has not produced her supporting documents. Id.

On January 8, 2019, defendants timely made their expert disclosures. Id. Plaintiff made none. On January 9, plaintiff emailed defendants indicating that health difficulties were impeding her participation in the litigation, and stating that she would send "a link" to all of her documents and photos, as well as a flash drive. Id. at 4–5, 7. Defendants' counsel replied that they were willing to work with plaintiff and looked forward to receiving court notification of a revised schedule and hoped to receive her Rule 26 documents. Id. at 5, 9. On January 16, plaintiff responded that defendants would receive both the Rule 26 documents and a request for a revised discovery schedule "shortly." Id. at 5, 11.

On March 4, having heard nothing further from plaintiff, and with the original April 3 dispositive motions deadline looming, defendants filed this motion to dismiss under Rule 41(b) for failure to prosecute. ECF Nos. 53, 53.2 at 5. Plaintiff did not respond to the motion. The court continued the hearing on the motion from April 3, 2019 to May 1, 2019 to give plaintiff another chance to file an opposition or statement of non-opposition. ECF No. 54. On April 17, 2019, plaintiff filed a document which the court construed as her opposition to defendants' motion to dismiss. ECF Nos. 55, 57, 58.

In an order dated April 19, 2019, the undersigned informed plaintiff that she could appear telephonically at the hearing on the motion scheduled for May 1, 2019 by making proper arrangements with the courtroom deputy. ECF No. 57 at 2-3. The order warned plaintiff that

failure to appear would result in a recommendation that the action be dismissed. Id. at 3. Plaintiff contacted the courtroom deputy but never confirmed that she wished to appear telephonically. Plaintiff did not appear in any capacity at the hearing on May 1, 2019. ECF No. 60. Therefore, in an order dated May 1, 2019, the court stated that it was fully prepared to recommend dismissing the case, but would delay doing so for 14 days to give plaintiff a final opportunity to provide her long-awaited discovery materials and schedule her deposition. ECF No. 61. Plaintiff was instructed to (1) provide defendants by May 15 with copies of all discovery materials referenced in her Rule 26 initial disclosures, and (2) confirm by May 15 a date for her deposition to be scheduled by May 31. Id. at 2. The court again warned plaintiff that failure to fully comply would result in a recommendation that the case be dismissed. Id.

On May 14, 2019, defendants filed a status report informing the court of the following. ECF No. 62. As to the document production, plaintiff emailed defense counsel's office on May 13 and May 14 stating that she would be mailing copies of all relevant documentation the next day; she provided a link "to all files on the Google drive"; defense counsel was unable to open the link and was engaging an IT specialist to assist. Id. at 2-4. As to the deposition scheduling, plaintiff proposed a date of June 3 but on condition that defendants pay for her travel and hotel costs. Id.

On May 15, 2019, plaintiff filed a motion requesting access to the court's e-filing system, and requesting an extension to be deposed on June 3. ECF No. 63.[1] In this motion, plaintiff stated that she had mailed defendants copies of all relevant documents and had emailed them a link to her files on Google Drive. Id. at 3. Plaintiff also expressed confusion about the document production order, stating that she thought the parties were to mutually exchange discovery materials in person at her deposition, and claiming that she has not received defendants' discovery materials. Id. at 2.

On May 16, 2019, the court ordered defendants to file a supplemental status report after close of business on May 20, 2019 updating the court as to whether they could access plaintiff's

---

[1] Plaintiff's request to participate in electronic filing will be addressed by separate order.

4

documents electronically or had received them by mail. ECF No. 64. On May 21, 2019, defendants reported that they had not been able to access the documents electronically through the link plaintiff provided, and they had not received plaintiff's documents by mail. ECF No. 65.

## II. DISCUSSION

Although defendants brought this motion pursuant to Rule 41(b), the undersigned recommends construing it as both a Rule 41(b) motion to dismiss for lack of prosecution, and a motion for dismissal sanctions for violating a discovery order, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). When defendants brought this motion in March 2019, plaintiff had only violated a discovery order. "[W]here a party's noncompliance with a discovery order is the asserted basis for dismissal as a sanction, the court must employ the discovery-specific Rule 37 rather than relying on Rule 41(b)." Sanchez v. Rodriguez, 298 F.R.D. 460, 463 (C.D. Cal. 2014); see Chambers v. NASCO, Inc., 501 U.S. 32, 49 n.14, 50 (1991); Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 207 (1958) (stating that the question of whether dismissal should be ordered because of noncompliance with a discovery order "depends exclusively upon Rule 37" and that "[t]here is no need to resort to Rule 41(b)"); see also Warne v. City & Cty. of San Francisco, No. 16-CV-06773-DMR, 2018 WL 2215848, at *4 (N.D. Cal. May 15, 2018) (considering defendants' dismissal request under Rule 37—despite being brought under Rule 41 because the orders at issue "concern discovery matters and therefore fall under Rule 37, and not Rule 41"). Plaintiff has since violated another court order, which while related to resolving the document production impasse might also qualify as a more general case management order to comply with the new deadlines. Thus, the motion straddles the line between Rules 37(b) and 41(b).

In any event, "[t]he standards governing dismissal for failure to obey a court order are basically the same under either of these rules." Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (referring to Rule 37(b) or Rule 41(b)); see Yourish v. California Amplifier, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal under Rule 41(b) is "closely analogous" to the imposition of terminating sanctions under Rule 37(b)); Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1385 n.1 (9th Cir. 1988) ("The standards governing dismissal for failure to obey court

5

orders are the same under Fed. R. Civ. P. 37(b)(2)(C) or 41(b)."). Dismissal under either rule is reserved for "extreme circumstances." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063 (9th Cir. 2004) (Rule 41(b)); In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996) (Rule 37(b)).

### A. Legal Standard for Rule 37(b) Dismissal Sanctions

Federal Rule of Civil Procedure 37 authorizes the imposition of sanctions for discovery violations, including a party's failure to obey a court order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Such sanctions may include dismissal of an action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal under Rule 37(b) requires a threshold showing that "the violation is due to willfulness, bad faith, or fault of the [non-moving] party." In re Exxon Valdez, 102 F.3d at 432 (internal quotation marks omitted). However, "[d]isobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) (citation omitted).

The Ninth circuit employs a "five-part test, with three subparts to the fifth part" to determine whether a terminating sanction under Rule 37(b)(2) is just:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (footnotes omitted).[2] "This 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." Id.

### B. Legal Standard for Rule 41(b) Dismissal

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to

---

[2] See also Sanchez, 298 F.R.D. at 464 (noting that "these are the same factors which Ninth Circuit courts consider when deciding whether to impose a terminating sanction against a party pursuant to Fed. R. Civ. P. 41 for lack of prosecution").

6

comply with the court's local rules, or failure to comply with the court's orders.[3] See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Rule 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Pagtalunan v. Galaza, 291 F.3d 639, 642–43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition). This court's Local Rules are in accord. See E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

C. Willful Violation of Court Orders

Plaintiff has now failed to comply with at least three court orders. First, she violated the court's July 3, 2018 order by failing to provide defendants with her supporting Rule 26 documents, despite the court's explicit instruction that it was her responsibility as the complaining party to move the matter forward. Plaintiff delayed providing her discovery documents to defendants for over nine months (and counting), past the close of the discovery period. Second, plaintiff violated the Joint Scheduling Order by not making expert disclosures (including, if she had determined that she would not be using any experts, a statement to that effect). Third, plaintiff violated the court's May 1, 2019 order by (1) failing to provide defense

---

[3] Rule 41(b) provides, in part: "(b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

7

counsel with her Rule 26 supporting materials within 14 days, and (2) failing to schedule her deposition for a date within 30 days. Given the number of chances plaintiff has already been given to produce her Rule 26 supporting materials, the undersigned finds that plaintiff's provision of a broken web link and yet another promise to mail the documents amounts to too little too late.

The undersigned acknowledges that much of the delay over the past few years stemmed from matters beyond plaintiff's control, such as physical limitations, medical problems, and mail delivery issues. In addition, plaintiff's pro se status has been taken into account. See Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014) ("A party's lack of counsel may be considered in evaluating the willfulness of discovery violations and the failure to obey court orders and in weighing the other factors regarding dismissal, but pro se status does not excuse intentional noncompliance with discovery rules and court orders."). However, the record reveals an unacceptable pattern of plaintiff promising to produce the necessary discovery materials and then failing to do so. Moreover, the fact that plaintiff's electronic link to her documents was unusable and her documents had not arrived by mail seven days after she claims to have mailed them suggests that plaintiff has made less than a good faith effort to comply. The undersigned finds this record sufficient to satisfy Rule 37(b)'s willfulness threshold and proceed to consider the dismissal factors.

  D. Dismissal Is Warranted in this Case

The five factors outlined above support the imposition of terminating sanctions in this case. As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). In weighing the second factor, district courts enjoy substantial deference in deciding when their dockets are becoming unmanageable. In re Phenylpropanolamine (PPA) Prods. Liab. Litig. ("In re PPA"), 460 F.3d 1217, 1227 (9th Cir. 2006) ("This factor is usually reviewed in conjunction with the public's interest in expeditious resolution and, as with the first factor, we give deference to the district court since it knows when its docket may become unmanageable.") (internal quotations omitted). Here, while plaintiff remains somewhat engaged in the litigation, her ongoing delay in providing discovery

material has caused this case to languish on the docket and consume court resources to accomplish the exchange of materials that she should have been managing herself.

The third factor, prejudice to defendants, likewise supports dismissal. Without access to any of plaintiff's discovery documents, defendants have been unable to prepare a substantive pretrial motion or prepare for trial. See Pagtalunan, 291 F.3d at 642 ("To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."); In re PPA, 460 F.3d at 1227 ("Failing to produce documents as ordered is considered sufficient prejudice.") (internal citation omitted).

The fourth factor also supports dismissal. Owing to the general public policy preference for deciding cases on the merits, this factor typically disfavors dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.") However, the Ninth Circuit has "also recognized that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." In re PPA, 460 F.3d at 1228 (citing In re Exxon Valdez, 102 F.3d at 433 for the proposition that plaintiffs' total refusal to provide discovery obstructed resolution of their claims on the merits). Here, plaintiff has certainly impeded the case's progress despite repeated instructions to move the case forward by producing the necessary documents.

Finally, the fifth factor supports dismissal, as less drastic sanctions have proven unsuccessful. See In re PPA, 460 F.3d at 1228-29 ("The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions.") (internal quotation marks and citations omitted). Alternative sanctions to dismissal include a warning and giving the party another chance following a failure to comply. Malone, 833 F.2d at 132 n.1. Here, the court has given plaintiff several additional chances and explicit warnings that failure to comply might result in a dismissal. On July 3, 2018, the court ordered compliance with its previous discovery order and issued an explicit warning that failure to comply might result in dismissal being recommended under Rule 41(b). ECF No. 44 at

2. On April 19, 2019, the undersigned warned plaintiff that failure to appear at the May 1 hearing "shall result" in a recommendation of dismissal under Rule 41(b). ECF No. 57 at 3. And on May 1, 2019, the undersigned gave plaintiff a final chance to produce the necessary discovery materials, warning plaintiff that noncompliance "shall result in a recommendation that the case be dismissed under Rule 37(b) and/or Rule 41(b)." ECF No. 61 at 2. Plaintiff has not heeded any of these warnings. Thus, the more drastic sanction of terminating this action has become necessary. C.f. Sanchez, 298 F.R.D. at 472 (fifth factor favored dismissal where plaintiff ignored defendant's attempts to obtain discovery and was explicitly warned three times that failure to respond could result in dismissal sanction).

III. CONCLUSION

For the reasons stated above, it is RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 53) be GRANTED; and
2. This action be dismissed, without prejudice, for failure to comply with the court's general orders and discovery orders. See Fed. R. Civ. P. 37(b), 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 21, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE